IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-278-BO
No. 5:10-CV-501-BO

| | | |
|---|---|---|
| SHANNON DUBLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on three motions by the Petitioner: Petitioner's Motion to

Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 (D.E. #36); Petitioner's

"Motion to File a Successful Appeal ? [sic] and U.S.[sic] 2255 Motion" (D.E. #31); and

Petitioner's "Motion to Receive Case Documents Transcripts and other Legal Documentations"

(D.E. #32).

Petitioner's § 2255 Motion is DISMISSED as untimely. (DE #36). Petitioner's request to

file a § 2255 Motion is DISMISSED as moot. (DE # 31). Petitioner's Motion to Receive Case

Documents is DENIED. (DE # 32).

## FACTS

On August 25, 2004, the grand jury issued an indictment that charged Petitioner with

conspiring with others to distribute and possess with intent to distribute more than 50 grams of

cocaine base and more than five (5) kilograms of cocaine, in violation of 21 U.S.C. § 846. (D.E.

#1).

On March 15, 2005, Petitioner, pursuant to written plea agreement, pleaded guilty to the charge contained in the indictment. On November 14, 2005, the Court sentenced Petitioner to 225 months imprisonment, five years of supervised release, and imposed a $100 special assessment. The Court entered its judgment on November 23, 2005. (D.E. #16).

Thereafter, Petitioner filed a series of motions. On November 29, 2005, Petitioner filed a motion to amend/correct his sentence in which he argued that the Court had pronounced a 125-month term of imprisonment at the conclusion of the sentencing hearing. (D.E. #17). On December 8, 2005, the Court issued an order denying the motion to amend/correct. (D.E. #18). On August 3, 2009, Petitioner filed a motion for transcripts. (D.E. #24). On May 11, 2010, the Court issued an order denying, without prejudice, Petitioner's motion for transcripts. (D.E. #29).

Petitioner subsequently filed the instant motions. On July 26, 2010, Petitioner filed a motion styled "Motion to File a Successful Appeal ? [sic] and U.S. [sic] 2255 Motion," in which Petitioner challenges his guilty plea and the drug weight used for determining his sentence. (D.E. #31). On September 7, 2010, Petitioner filed a motion to receive case documents, namely transcripts or documents relating to the Court's pronouncement of Petitioner's sentence. (D.E. #32). On November 12, 2010, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. (D.E.# 36).

Petitioner's § 2255 petition asserts three grounds as bases for relief from his present sentence. First, Petitioner alleges that he was not given advice on how to file an appeal and did not know what an appeal was. Second, Petitioner disputes the drug amount used to calculate relevant conduct in his case. Lastly, Petitioner claims that he provided "assistance" to the court.

## DISCUSSION

### Dismissing Petitioner's § 2255 Motion (D.E. #36)

Petitioner's § 2255 motion is untimely, and is therefore dismissed for lack of jurisdiction.

Under amendments to § 2255 in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year to file a motion challenging his conviction or sentence from "the date on which the judgment became final." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Although "equitable tolling" of the one year statute of limitations is a legal possibility, it will only be allowed in "those rare instances where-due to circumstances external to the party's own conduct..." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004).

As Petitioner did not file an appeal, Petitioner's conviction became final November 23, 2005, the date of his judgment entry. Id. at 142. Petitioner thus should have filed his Motion by November 23, 2006. Petitioner does not provide sufficient reason to excuse his tardiness. The Court thus lacks the power to hear the Petitioner's motion.

Petitioner's petition is thus dismissed.

### Dismissing Petitioner's "Motion to File a Successful Appeal ? [sic] and U.S.[sic] 2255 Motion" (D.E. #31)

Petitioner's Motion to file a § 2255 motion is denied as moot in that Petitioner has already filed the above discussed § 2255 Motion.

### Denting Motion for Case Documents (D.E. #32)

Petitioner's "Motion to Receive Case Documents Transcripts and other Legal Documentations" is denied.

Petitioner maintains that the Court orally pronounced a 125-month sentence at his sentencing hearing, but then erroneously entered judgment for 225 months. He thus requests the transcripts for the sentencing hearing. The Court has already found Petitioner's claim to be without merit when it issued an Order dismissing Plaintiff's Motion to Amend/Correct his

sentence. (DE # 18). As already explained by this Court, the court reporter and probation officer in this case confirmed that the Court did in fact orally pronounce a 225-month sentence at the sentencing hearing. Id.

Petitioner has advanced no new argument or sufficient justification for the granting of his motion. It is thus denied.

## CONCLUSION

Petitioner's § 2255 Motion is DISMISSED for lack of jurisdiction. (DE #36). Petitioner's request to file a § 2255 Motion is DISMISSED as moot. (DE # 31). Petitioner's Motion to Receive Case Documents is DENIED. (DE # 32).

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this _27_ day of April, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE